UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:17-cr-114-RJC |
| | ) | |
| v. | ) | **UNITED STATES' OPPOSITION TO MOTION TO STRIKE SURPLUSAGE, PRECLUDE THE INTRODUCTION OF EVIDENCE IN SUPPORT OF SURPLUSAGE AND MEMORANDUM OF LAW** |
| | ) | |
| (1) ROBERT M. BOSTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and submits this opposition to Defendant Boston's Motion to Strike Surplusage, Preclude the Introduction of Evidence In Support of Surplusage and Memorandum of Law. (Doc. 65, the "Motion to Strike".)

## INTRODUCTION

Less than a week before the start of his trial, Defendant filed a Motion to Strike nearly every paragraph of the Superseding Indictment other than the specific charging language. Specifically, of the 29 introductory paragraphs, Defendant seeks to strike all except for five. The Court should not strike the language, deemed "surplusage" by Defendant, because such language is relevant and sets out the evidence the Government will present at trial to support the charges. Moreover, this language, and the evidence supporting it, is admissible and is only prejudicial and inflammatory to the extent that it is proof of Defendant's guilt. Defendant's Motion to Strike should be denied.

**ARGUMENT**

**I.     Federal Rule of Criminal Procedure 7(c)(1)**

As set out in Defendant's Motion, Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." However, Rule 7(c)(1) further states than an indictment may allege *the means by which* a defendant committed an offense. (Emphasis added).

The Fourth Circuit has held that a court should only strike allegations in an indictment where it is clear that they are not "relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006). The test is conjunctive; if information in the indictment is prejudicial but relevant, then that information need not be struck. Nor should information that is irrelevant but not prejudicial. *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) (cited with approval in *Williams*, 445 F.3d at 733-34). The *Williams* standard has been used to deny motions to strike surplusage in a number of cases in this district. *See United States v. Rand*, No. 3:10-cr-182, 2011 WL 4498849, at *1 (W.D.N.C. September 27, 2011); *United States v. Nguyen*, No. 3:11-cr-153, 2012 WL 1077277, at *1 (W.D.N.C. March 29, 2012); *United States v. Osborne*, No. 3:09-cr-204, 2010 WL 582594, at *1 (W.D.N.C. February 18, 2010); *United States v. Orta-Rosario*, No. 3:07-cr-154, 2009 WL 2448552, at *1 (W.D.N.C. August 7, 2009).

Although Rule 7(d) allows a defendant to move to strike surplusage from an indictment, the determination of whether to grant such a request is committed to the broad discretion of the district court "and the standard has been strictly construed against striking surplusage." *United States v. Sprouse*, No. 3:07-cr-211, 2009 WL 278836, at *1 (W.D.N.C. February 5, 2009) (citations omitted). Therefore, "if the language in the indictment is information which the

government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *Id.*

Furthermore, a court can prevent any unfair prejudice based on information in the indictment by instructing the jury that the indictment is not evidence. *Williams*, 445 F.3d at 734; *United States v. Marshall*, 985 F.2d 901, 906 (7th Cir. 1993).

Defendant's Motion fails because all of the information included in the indictment is relevant to the allegations and is the evidence the Government hopes to prove at trial. Moreover, much of this information cannot be inflammatory and prejudicial because it relays background information and facts necessary to prove the crimes and to provide the context in which the crimes occurred.

**II. Allegations Sought to Be Struck from the Superseding Indictment and Evidence Sought to Be Precluded from Admission Are Relevant, Admissible, and Not Unduly Prejudicial**

The Government will not restate the law that clearly supports the relevance and admissibility of the evidence set out in Paragraphs 1, 5-7, 9-17, and 19-29 in detail as this Court has already received numerous filings on this matter.[1] However, in summary these paragraphs describe the means by which Defendant committed the offense, consistent with the plain language of Federal Rule of Criminal Procedure 7(c)(1) and consistent with the law of this circuit, described above. Moreover, these paragraphs a fair description of the alleged conduct that the government hopes to prove at trial.

---

[1] The Government incorporates by reference its arguments on the admissibility of this evidence in numerous other documents already filed with the Court, including the Government's Trial Brief (Doc. 62) and the Government's Response to Defendant's Civil Suit Motion (Doc. 52).

3

Many of the paragraphs included in Defendant's very broad Motion to Strike mirror standard summary and introductory language and descriptions of fraud schemes in indictments in this district. *See United States v. Rand*, No. 3:10-cr-182, 2011 WL 4498849, at *1 (W.D.N.C. September 27, 2011) (denying motion to strike similar introductory language and substantive language in lengthy speaking indictment).

**III.    Use of the Term "Victim" Need Not Be Struck from the Superseding Indictment**

Defendant specifically requests that the Court strike the term "Victim 1" and the Term "Victim 1" in the Superseding Indictment because "the terms state a legal conclusion and is at best, are argumentative terms advanced by the government that would usurp the province of the jury." (Doc. 65, p.4). This request should also be denied.

The term "victim" in a criminal indictment is not prejudicial, given that the purpose of an indictment is to apprise the defendant of the charges against him, and here the charges are that Defendant defrauded certain of his clients, the victims. Even if the word were prejudicial, under the relevant case law mere prejudice is not a sufficient basis to strike a term from an indictment. Because Defendant has not shown that the term "victim" is irrelevant, prejudicial, and inflammatory, his motion should be denied

Indeed, that many of Zloop's franchisees, investors and lenders were victims *is* the theory of the case. Moreover, the jury will be instructed that the Superseding Indictment is not evidence. There is simply no need to strike such language. *See United States v. Fletcher*, 47 F.3d 1176, 1995 WL 77416, at *3 (9th Cir. 1995) (table) (upholding district court's refusal to strike the word "victims" from indictment).

Courts have regularly denied motions to strike allegations much more prejudicial and inflammatory where they are relevant. *See, e.g.*, *United States v. Sciandra*, 529 F.Supp. 320, 322

4

(S.D.N.Y. 1982) (denying motion to strike the words "false, fictitious and fraudulent" and "sham"); *United States v. DePalma*, 461 F.Supp. 778, 797 (denying motion to strike the words "skimming" and "looting"); *United States v. Riggs*, 739 F. Supp. 414, 423 (N.D. Ill. 1990) (denying motion to strike the term "hackers"); *United States v. Ruskjer*, No. CRIM. 09-00249 HG, 2011 WL 3841854, at *1 (D. Haw. Aug. 29, 2011) (denying motion to strike the term "Ponzi scheme"); *United States v. Sencan*, No. CRIM. 13-0117-CG, 2013 WL 6501744, at *2 (S.D. Ala. Dec. 11, 2013) (denying motion to strike the term "Ponzi scheme" because it was neither irrelevant nor unfairly prejudicial but rather was a fair description of the alleged conduct that the government hoped to prove at trial).

## CONCLUSION

Because all of the information in the Superseding Indictment is relevant and/or not prejudicial or inflammatory, Defendant's Motion to Strike should be denied.

RESPECTFULLY SUBMITTED, this 1st day of December, 2017.

> */s/ Taylor J. Phillips*
> Taylor J. Phillips
> D.C. Bar 1016271
> Assistant United States Attorney
> United States Attorney's Office
> 227 West Trade Street, Suite 1650
> Charlotte, N.C. 28202
> Telephone: (704) 344-6222
> Fax: (704) 344-6629
> Email: taylor.phillips@usdoj.gov
>
> *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2017, the foregoing was served upon the defendants herein through their attorneys of record via electronic filing.

>Kevin Tate
>W. Kelly Johnson
>Caleb Hill Newman
>Assistant Federal Defenders
>Suite 300
>129 West Trade Street, Ste. 300
>Charlotte, North Carolina 28202
>Kevin_Tate@fd.org
>W_Kelly_Johnson@fd.org
>Caleb_Newman@fd.org
>
>*Counsel for Defendant Robert M. Boston*
>
>Sean P. Devereux
>Deveruex & Banzhoff, PLLC
>Suite 1100
>The Jackson Building
>Asheville, North Carolina 28801
>sdevereux@dblawoffices.com
>
>*Counsel for Defendant Robert S. LaBarge*

>>*/s/ Taylor J. Phillips*
>>Attorney for the United States